GReen, J.
delivered the opinion of the court.
The following facts appear in the record. The complainant employed T. Troost O’Rielly, as an engineer On this road about the 8th of February 1839, at a salary of $1000 per an- *559 num. About tbe 8th. of August thereafter, O’Rielly resigned, and shortly thereafter died. The company had paid him about $300 part of his salary, and after his death, Temple O. Harris, as administrator of O’Rielly, instituted an action against the turnpike company, for the portion of the salary that remained unpaid, and recovered a judgment for $266 25 cents.
After the rendition of this judgment, it was ascertained that Harris had not in fact, administered on O’Rielly’s estate; and this bill was filed to enjoin said judgment, alledging that O’Rielly had so unskilfully performed his duties as engineer, that the company had sustained large damages thereby. After the bill was filed, Harris became special administrator of O’Rielly, for the purpose of collecting the said judgment that had been recovered in his name; he then answered the bill, and the cause was brought regularly to hearing. At the hearing, the chancellor submitted an issue to a jury to ascertain the damages sustained by the complainant, by reason of the breach of covenant on the part of O’Rielly. The jury found a verdict for five hundred dollars damages, whereupon the chancellor decreed, that a sufficient amount of the damages aforesaid should be set off against the said judgment for $266 25, obtained by Harris, as administrator of O’Rielly, as would' be equal thereto, and that the Collection thereof be perpetually enjoined.
From this decree, the defendant appealed to this court.
The only question for the consideration of the court is, whether the chancery court had jurisdiction to afford the relief which his honor decreed in this cause. The defendant Harris, being only special administrator for the collection of the judgment obtained by him, does not represent the intestate, so as to be liable to an action for the non-performance of O’Rielly’s contracts. And, as there is no general adminis *560 trator of O’Rielly’s estate, there is no one against whom a - suit for damages could have been brought by the complainant. And if no suit at law, could have been maintained against Harris for damages in this case, neither can a suit in equity be maintained; for in equity, as well as at law, there must be parties defendant, liable to be acted on by the judgment, or decree of the court. But it is said, that the matter of damages in this case, arises out of the same contract, for the nonperformance of which by the plaintiff, the defendant’s judgment was obtained; and therefore, the special administrator who seeks to enforce his judgment, may be resisted, by setting/off the damages the plaintiff sustained by reason of nonperformance. We do not think the principle this argument suggests, can be applied to this case. If a special administrator seek to collect a debt, and there be matter of equity growing out of the contract which is sought to be enforced, wherefore it should not be collected, such equity may be set up against such special administrator. As if a party be sued by a special administrator on a bond for the payment of money, and the defendant can show that the consideration of the bond has failed, or that it was obtained by fraud, or other matter of equity of a like character, it would not be questioned, but that a bill might be brought to enjoin such special administrator. But we consider this case, as entirely different in principle, from the one supposed. O’Rielly was employed by the complainant as an engineer, at a salary of $1000 per annum; the failure to pay this salary, is the administrator’s cause of action; the complainant has no defence at law or in equity, against this cause of action. But they say they have a cause^of action against O’Rielly for the non-performance of his duties as engineer, whereby they sustained damages. But this cause of action on their part, cannot be set up as a de-fence to his action, either at law or in equity. And to main *561 tain a suit upon it, they must have a party, defendant, who is the general representative of O’Rielly.
We think, therefore, that the chancery court had no jurisdiction in this case, and that the decree must be reversed and the bill dismissed.